**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ROSANNE GIAMBALVO, on behalf of )
herself and others similarly situated, )
             )
  Plaintiffs,         )  CASE NO. 8:19-cv-2076
             )
v.              )
             )
EDGEWELL PERSONAL CARE, LLC, )
a Delaware Limited Liability Company )
             )
  Defendant.         )
_____ )

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, ROSANNE GIAMBALVO ("Plaintiff"), on behalf of herself and others similarly situated, by and through their undersigned counsel, sue Defendant, EDGEWELL PERSONAL CARE, LLC ("Defendant"), and alleges:

**NATURE OF CASE**

1. This is an action for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216(b) ("FLSA").

2. The FLSA unpaid overtime claims are brought as a collective action under 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 29 U.S.C. § 216(b).

4. Venue of this action properly lies in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is an individual and a citizen of the State of Florida residing in Pasco County, Florida.

6. At all times material, Defendant was and is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Shelton, Fairfield County, Connecticut and authorized to conduct business in the State of Florida. Defendant is a consumer products company providing personal care and hygiene products to various businesses throughout Pasco and Pinellas County, Florida, the state of Florida, and throughout the country.

## FACTS

7. In or about September 1996, Plaintiff began employment with Defendant.

8. In or about June 2019, Plaintiff separated from employment with Defendant.

9. Plaintiff was terminated from her employment in June 2019 because she sustained injuries that no longer allowed her to perform her job duties.

10. Defendant is a consumer products company providing personal care and hygiene products to various businesses throughout Pasco and Pinellas County, Florida.

11. Plaintiff's duties consisted of loading and unloading of trucks with the Defendant's consumer products, delivering those products to various client accounts throughout Pasco and Pinellas County, as well as setting up displays, planograms, and other related duties related to same.

12. During the course of her employment, Plaintiff regularly worked in excess of 40 hours per workweek; sometimes even working as many as 70 hours per workweek.

13. Upon information and belief, Plaintiff was misclassified as an exempt employee by the Defendant.

14. Because Plaintiff was misclassified as an exempt employee, she was not paid any overtime wages despite being eligible for same.

15. Upon information and belief, during the three years prior to the filing of this Complaint, Defendant intentionally and knowingly misclassified similarly situated employees, paying them a salary rather than an hourly wage plus overtime wages owed.

16. Upon information and belief, this company-wide policy and practice was and is designed to save money by not paying its employees all compensation owed.

17. As a result of result of Defendant's unlawful acts, Plaintiff has retained undersigned counsel to bring this action.

18. Any and all conditions precedent to bringing the claims herein, if any, were satisfied or waived.

## FLSA COLLECTIVE PLAINTIFF ALLEGATIONS

19. The additional parties who may opt-in as plaintiffs in this action for purposes of Count I consist of any current or former non-exempt employees of Defendant who engaged in the loading and unloading of trucks with the Defendant's consumer products, delivery of those products to various client accounts, and the setting up of displays, planograms, and other related duties related to same ("FLSA Collective Action Plaintiffs").

20. Plaintiff and the FLSA Collective Action Plaintiffs were subject to common unlawful pay practices, policies, and procedures. Specifically, during the three years prior to the filing of this Complaint, Defendant intentionally and knowingly misclassified similarly situated employees and paid them a salary rather than an hourly wage plus overtime wages owed, in an

effort to save money by not paying its employees all compensation otherwise owed, in violation of the FLSA.

21. Count I is properly brought under and maintained as a collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and any other purpose related to this action, the names and addresses of the FLSA Collective Plaintiffs are or should be readily available from the Defendant.

### COUNT I – FLSA UNPAID OVERTIME AND MINIMUM WAGE

22. Plaintiff incorporates by reference, and as if fully restated herein, the allegations contained in Paragraphs 1 – 21 of this Complaint.

23. Defendant employs more than two individuals.

24. Defendant has an annual dollar volume of sales or business being done of at least $500,000.

25. Defendant is subject to the FLSA.

26. During Plaintiff's employment with Defendant, the Defendant was her employer, as that term is defined by the FLSA.

27. During Plaintiff's employment, she worked more than forty (40) hours per work week but was not paid any overtime as a result of the Defendants' unlawful pay practices, policies, and procedures.

28. Defendant knew that Plaintiff was not being paid for overtime hours worked.

29. Upon information and belief, Plaintiff was intentionally and knowingly misclassified as an exempt employee by the Defendant.

30. Because Plaintiff was misclassified as an exempt employee, she was not paid any overtime wages despite being eligible for same.

4

31. As a direct and legal consequence, Plaintiff has suffered damages.

WHEREFORE, Plaintiff respectfully requests the following:

   a. Enter judgment in her favor for unpaid overtime and minimum wages under the FLSA;

   b. Award the full amount of unpaid overtime and minimum wages, liquidated damages, and pre-judgment interest;

   c. Award attorneys' fees and costs;

   d. Enter equitable relief mandating the cessation of the unlawful pay practices, policies, and procedures; and

   e. Grant any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues so triable.

Dated: August 21, 2019                     Respectfully submitted,

                                           */s/ Ricardo A. Duarte*
                                           Ricardo A. Duarte
                                           Florida Bar No.: 88614
                                           **THE DUARTE FIRM, P.A.**
                                           401 East Jackson Street, Suite 2340
                                           Tampa, Florida 33602
                                           T: 813.405.1783
                                           F: 813.371.1836
                                           Primary E-mail: rick@duartefirm.com
                                           Secondary E-mail: info@duartefirm.com
                                           *Attorney for Plaintiffs*